No. 10,872.

UNION NATIONAL BANK VS. J. E. CHOPPIN ET AL.

1. When a defendant in a cause dies and has "not answered," further proceedings against his heirs must be conducted in conformity to Article 120 of the Code of Practice, and the citation or notice and the delays therein prescribed must be allowed.

2. The case is not affected by the fact that issue had been joined by default. A default is not an answer.

APPEAL from the Twenty-second District Court for the Parish of St. James. *Duffel, J.*

*Sims & Poché* for Plaintiff and Appellee.

*Pugh & Lambremont* for Defendants and Appellants.

The opinion of the court was delivered by

FENNER, J.   Appellants assign as error patent on the face of the record, that judgment was rendered without citation of the legal representatives of deceased defendants, and without allowing the delays prescribed by law.   The facts are:   The plaintiff's suit was brought against. P. F., L. H. and Joseph E. Choppin.   P. F. and L. H. appeared and filed answers.   Joseph E. Choppin never answered, but judgment by default was entered against him.   At this stage Joseph E. Choppin died.   Plaintiff then applied for and obtained an order of court making his legal representatives parties.   A copy of this order was served on these representatives, but no citation was served.   Subsequently one of these representatives, Mrs. Choppin, died without having appeared or filed answer.   Thereupon plaintiff obtained another order making her heirs parties.   A copy of this order was served on said heirs on the 29th and 30th of May, 1891, also without citation.   On the 2d of June, 1891, only two clear days after service of above order, the cause was, on plaintiff's motion, set down for trial on June 10.   On that day, over the objection of appellants counsel, who thereupon withdrew and refused to take part, the case was taken up, tried and decided.

The law governing the case is found in Art. 120 of the Code of Practice:   " If one against whom there was a cause of action, die, leaving one heir only, the suit shall be carried on against such heir, as it would have been against the deceased.   If the suit had already been brought against deceased, *and he had not answered*, it shall not be interrupted, but shall be continued against the heir by a mere *citation or notice served on him to that effect, within the delay for original citations, according as the distance may be from his*

*domicil to the court where the action has been brought.* If, on the con-trary, the deceased have one or more heirs, the plaintiff may-pro-ceed personally against each of them for the share;which he inherits, etc.

" If the suit had been already commenced against the deceased, it shall be continued against *his several heirs by citing* each of them separately as if there were only one."

This article is found in Part I of the code.  In Part II are found the two following articles:

" Art. 360.  When the defendant suffers judgment by default to be taken against him, the issue is joined tacitly; because such defendant is presumed, by his silence, to have confessed the justice of his ad-versary's demand, therefore the plaintiff is allowed to proceed with his proofs in order to have the judgment confirmed.

"Art. 361.  If, after issue joined, either the plaintiff or defendant ·die, it is not necessary to recommence the action; it continues be-tween the surviving party and the heirs of the one deceased, *pur-suant to the provisions enacted in the first part of this code.*"

Thus the last article, 361, expressly refers to the " provisions en-acted in the first part of this code" as defining the methods to be pursued in the continuance of the action.

We do not understand plaintiff's counsel to deny that in a case within the terms of Article 120, citation or equivalent notice, allow-ing the same delays as in original citations, is necessary.

His contention is that defendant's case is not covered by that arti-cle, because, he claims, default is equivalent to answer.

We can not approve this contention.  The Code of Practice recog-nizes two modes of joining issue, by default or by answer.  They are not identical, but entirely different and distinct.  Both are equally effective in joining the issue; but a default is certainly not an answer.  On the contrary, the default is only allowed because the defendant has not answered.

When the respective defendants in this case died they " had not answered, and the case falls squarely within the exact letter and meaning of Article 120, by which alone further proceedings must be. governed.  We are, therefore, bound to hold that the precipitate pro-ceedings of plaintiff were in disregard of the legal rights of appel-lants.

It is, therefore, ordered and decreed that the judgment appealed from be avoided and reversed, and that the case be remanded to the lower court, to be there proceeded with according to law, appellees to pay costs of appeal.